IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

FILED
MAR 10 2008
Phil Lombardi, Clerk
U.S. DISTRICT COURT

ROBERT R. WEST, )
Plaintiff, )
vs. ) Case No.: 08 CV - 143 TCK SAJ
DAVOL INC., and C.R. BARD, INC., )
Defendants. ) JURY TRIAL DEMANDED

**COMPLAINT**

COMES NOW the Plaintiff, Robert R. West, and for his Complaint, states:

**PARTIES**

1. Plaintiff Robert R. West ("West") at the time of the occurrence, and all of the events described herein, and at the time of the filing of the Complaint, was and is a residence of Tulsa, Wagoner County, Oklahoma.

2. Defendant Davol Inc. ("Davol"), is incorporated under the laws of the State of Rhode Island. Davol has its principal place of business in the State of Rhode Island. It manufactures the Composix® Kugel Mesh Patches ("Kugel Patch") at 100 Sockanossett Crossroad, Cranston, Rhode Island 02920. The registered agent for service for Davol is: CT Corporation System, 10 Weybosset Street, Providence, Rhode Island 02903.

3. Defendant C.R. Bard, Inc., ("Bard") is incorporated under the laws of the State of New Jersey. It is the corporate parent/stockholder of Davol and participates in the manufacture and distribution of the Kugel Patch. It also manufactures and supplies Davol with material that forms part of the Kugel Patch. At all times relevant hereto, Davol and Bard transacted business in the

Northern District of Oklahoma, and continue to sell the "Kugel Patch" through Oklahoma, including the Northern District. The registered agent for service for Bard is: Nadia J. Bernstein, whose address is 730 Central Avenue, Murray Hill, New Jersey 07974.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 in that the amount in controversy exceeds seventh-five thousand dollars ($75,000), exclusive of interest and costs, and Plaintiff and Defendants are resident citizens of different states.

5. Venue in this Court is proper pursuant to 28 U.S.C. §1391 in that substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District, and Defendants are subject to personal jurisdiction in this district.

## FACTUAL BACKGROUND

6. Defendants Davol designed, manufactured, and distributed the Kugel Patch, a hernia mesh patch that was inserted into Plaintiff's body.

7. Defendant Davol, through its agents, servants and employees, participated in the manufacture and delivery of the Kugel Patch that was inserted into Plaintiff's body.

8. The Defendants submitted their 510k Application to the Federal Drug Administration (hereinafter referred to as the "FDA") on January 22, 2001. Following the 510k Application, the Kugel Patch was authorized by the FDA as a Class II medical device.

9. Plaintiff underwent surgery on or about November 19, 2003, at St. Johns Medical Center in Tulsa, Oklahoma to rapid an incisional hernia. A 5.5 x 7" Large Oval Bard Kugel Hernia Patch (Lot No.: 43IND495) was used to repaid the defect. The Operative Report states: "A large

Kugel patch was used for the repair and was placed anterior to the posterior rectus sheath, held in place with interrupted Prolenes and then anteriorly the anterior rectus sheath was approximated with running 0 Prolene suture incorporating the mesh, several points of attachment of the mesh were possible, being satisfied that the repair was completed because subcutaneous tissues had to be mobilized in all directions to facilitate exposure and repair." The Plaintiff tolerated the procedure well and was sent to the recovery room in satisfactory condition.

10. In July, 2006, Plaintiff began experiencing medical problems which included stomach pain, blood in the urine and a kidney infection. Plaintiff has continued to have recurrent pain in his stomach.

**COUNT I**

11. The Plaintiff hereby adopts and incorporates by reference all the above allegations.

12. Davol and Bard at all times mentioned had a duty to properly manufacture, test, inspect, package, label, distribute, market, examine, maintain, supply, provide proper warnings and prepare for use the Kugel Patch.

13. Davol and Bard at all times herein knew of, in the exercise of reasonable care should have known, that the Kugel Patches were of such a nature that they were not properly manufactured, tested, inspected, packaged, labeled, distributed, marketed, examined, sold, supplied, prepared and/or provided with the proper warnings, and were likely to injure the Kugel Patch's users.

14. Davol and Bard so negligently and carelessly designed, manufactured, tested, failed to test, inspected, failed to inspect, packaged, labeled, distributed, recommended, displayed, sold,

examined, failed to examine, and supplied the Kugel Patch, that they were dangerous and unsafe for the use and purpose for which they were intended.

15. Davol and Bard were aware of the probable consequences of the Kugel Patch. Davol and Bard knew of or should have known the Kugel Patch would cause serious injuries, yet they failed to disclose the known or knowable risks associated with the Kugel Patch. Davol and Bard willfully and deliberately failed to avoid those consequences, and in doing so, Davol and Bard acted in conscious disregard for the safety of Plaintiff.

16. Defendants Davol and Bard owed a duty to Plaintiff to adequately warn him and his treating physicians, of the risks of breakage, separation, tearing and splitting associated with the Kugel Patch and the resulting harm and risk it would cause patients.

17. Defendants Davol and Bard breached their duty by failing to comply with state and federal regulations concerning the study, testing, design, development, manufacture, inspection, production, advertisement, marketing, promotion, distribution, and/or sale of the Kugel Patch.

18. As a direct and proximate result of the duties breached by both Defendants, the Kugel Patch used in Plaintiff's hernia repair surgery failed, resulting in the serious injuries to Plaintiff as previously described.

19. Davol's and Bard's conduct in continuing to market, sell, and distribute the Kugel Patch after obtaining knowledge they were defective, reflects a callous or a conscious disregard for the safety of others, justifying an award of punitive damages for aggravating circumstances in such a sum which will serve to deter Davol and Bard from similar conduct in the future.

20. As a direct and proximate result of the actions and inactions of the Defendants as set forth above, Plaintiff has sustained injuries and is entitled to damages enumerated below.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendants for compensatory and punitive damages in an amount to be determined by the jury to be just, plus costs, attorney fees and such other relief the Court deems appropriate.

**COUNT II**

21. The Plaintiff hereby adopts and incorporates by reference paragraphs 1 through 20 above.

22. At all times materials hereto, Defendants have engaged in the business of selling, distributing, designing, assembling, marketing, and promoting the Kugel Patch for hernia repair surgery. The Kugel Patch is unreasonably dangerous, and is therefore defective.

23. Indeed, the Kugel Patches are subject to the Class 1 recall were defective because they failed to perform in a safe and effective manner. Plaintiff's Kugel Patch was a Class 1 recall device that, because of its defective condition, failed, causing him to develop serious physical complications previously described herein.

24. At all times material hereto, the Kugel Patch was sold, distributed, manufactured, designed, assembled, promoted, and marketed by the Defendants and was expected to reach, and did reach consumers, including the Plaintiff, without substantial change in the condition in which it left the possession of Defendants.

25. The Kugel Patch implanted into Plaintiff was being used in a manner reasonably anticipated at the time it was implanted by her surgeon.

26. At all times material hereto, the Kugel Patch was unreasonably dangerous, and therefore defective, because:

a. the Kugel Patch was sold in a defective condition by design and manufacture;

b. the Kugel Patch as designed and manufactured was unsafe;

c. the Kugel Patch as designed and manufactured was unreasonably dangerous;

d. the Kugel Patch did not perform safely as an ordinary consumer/patient would expect;

e. the Kugel Patch as designed and manufactured was unsafe for its intended use;

f. Davol and Bard failed to warn the end user about the dangers and risks associated with the Kugel Patch;

g. Davol and Bard knew the component parts of the Kugel Patch as implemented through design and/or manufacture could cause injury to the end user;

h. Davol and Bard failed to implement an adequate, safe, and effective "memory recoil ring" and/or its interaction with the mesh of the Kugel Patch to withstand foreseeable stresses known to be encountered within the intra-abdominal space;

i. Davol and Bard failed to design a patch which could avoid migration from the initial site of the hernia repair surgery; and

j. any other acts of failures to act by Davol or Bard regarding the studying, testing, designing, developing, manufacturing, inspecting, producing, advertising, marketing, promoting, distributing, and/or sale of Kugel Patches for hernia repair surgery, as will be learned through discovery.

27. At all times relevant hereto, there existed safer methods and products for repairing the condition suffered by the Plaintiff.

28. Davol's and Bar's conduct in continuing to market, sell, and distribute the Kugel Patch after obtaining knowing they were defective, reflects a callous or a conscious disregard for the safety of others, justifying an award of punitive damages for aggravating circumstances in such a sum which will serve to deter Davol and Bard from similar conduct in the future.

29. As a direct and proximate result of the actions and inactions of the Defendants as set forth above, Plaintiff has sustained injuries and is entitled to damages enumerated below.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendants for compensatory and punitive damages in an amount to be determined by the jury to be just, plus costs, attorney fees and such other relief the Court deems appropriate.

**COUNT III**

**FAILURE TO WARN**

30. The Plaintiffs hereby adopt and incorporate by reference paragraphs 1 through 29 above.

31. In the course of business, Davol and Bard designed, manufactured and sold the Kugel Patch for hernia repair surgeries.

32. At the time of the design, manufacture and sale of the Kugel Patch, and more specifically at the time Plaintiff received the Kugel Patch, the patch was defective and unreasonably dangerous when put to its intended and reasonably anticipated use. Further, the Kugel Patches, including the one implanted in the Plaintiff, were not accompanied by proper warnings regarding significant adverse consequences associated with the Kugel Patch.

33. Bard and Davol failed to provide any warnings, labels or instructions of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution. The reasonably foreseeable use of the products involved significant dangers not readily obvious to the ordinary user of the products. Bard and Davol failed to warn of the known or knowable injuries associated with malfunction of the Kugel Patch, including but not limited to rupture of the Patch with severe peritonitis and infection which would require subsequent surgical procedures and could result in severe injuries.

34. The dangerous and defective conditions in the Kugel Patches existed at the time they were delivered by the manufacturer to the distributor. At the time Plaintiff had his hernia repair surgery, the Kugel Patch was in the same condition as when manufactured, distributed and sold.

35. Neither Plaintiff nor his physicians knew of the defects in the Kugel Patch at the time it was implanted.

36. Plaintiff suffered and continues to suffer the aforementioned injuries and damages as a direct result of Davol and Bard's failure to warn.

37. As a direct and proximate result of the actions and inactions of the Defendants as set forth above, Plaintiff has sustained injuries and is entitled to damages enumerated below.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendants for compensatory and punitive damages in an amount to be determined by the jury to be just, plus costs, attorney fees and such other relief the Court deems appropriate.

**COUNT IV**

**BREACH OF WARRANTY OF MERCHANTABILITY**

38. The Plaintiff hereby adopts and incorporates by reference paragraphs 1 through 37 above.

39. When Defendants placed the Kugel Patch into the stream of commerce, it knew that the device would be used to treat patients who were having hernia repair, and expressly and impliedly warranted to the Plaintiff and others that use of the device was safe, acceptable, and would assist in the healing of surgical procedures.

40. Plaintiff reasonably relied upon the expertise, skill, judgment, and knowledge of the Defendants, and upon the express and/or implied warranty that the Kugel Patch was of merchantable quality and fit for the use of which it was designed.

41. In fact, the Kugel Patch was not of merchantable quality and was not safe or fit for its intended use because it was unreasonably dangerous and unfit for the ordinary purpose for which it was used, because it caused injuries and damages to the Plaintiff as previously described herein.

42. As a direct and proximate consequence of the actions and conduct of the Defendants, Plaintiff has sustained injuries and is entitled to damages set forth below.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendants for compensatory and punitive damages in an amount to be determined by the jury to be just, plus costs, attorney fees and such other relief the Court deems appropriate.

Respectfully submitted,

**SNEED LANG, P.C.**

G. Steven Stidham, OBA #8633
Brian T. Inbody, OBA #17188
1700 Williams Center Tower I
One West Third Street
Tulsa, Oklahoma 74103-3522
Telephone: (918) 583-3145
Facsimile: (918) 582-0410

**ATTORNEYS FOR PLAINTIFF ROBERT R. WEST**